UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:09-cr-77-FtM-29SPC

ROBERTO PINEDA
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Roberto Pineda's Motion for New Trial (Doc. #334), filed on June 25, 2010. The Government's Response (Doc. #339) in opposition was filed on July 9, 2010.

Defendant Roberto Pineda (defendant or Pineda) was charged in two counts of the Superceding Indictment (Doc. #104).  Count I charged defendant and others with conspiracy to manufacture and possess with intent to distribute 1,000 or more marijuana plants and to distribute and possess with intent to distribute 100 or more kilograms of marijuana.  Count IV charged that defendant and others did manufacture and possess with intent to distribute 100 or more marijuana plants.  During trial, defendant did not contest his guilt as to Count IV, but argued that his conduct was not part of the larger conspiracy charged in Count I.  On May 28, 2010, a jury found defendant guilty of both counts.

Defendant seeks a new trial, asserting the following errors: (1) Failure to grant his Rule 29 motion made at the conclusion of the government's case and renewed at the close of the defense case

as to Count I; (2) the existence of a material variance between the superceding indictment which alleged a single conspiracy and the proof which established multiple conspiracies; (3) improper admission of certain business records, which constituted hearsay and violated defendant's confrontation rights; and (4) "other errors of law" concerning defendant's objections to questions or answers during the trial, and the cumulative effect of these rulings.

Defendant's motion for a new trial is untimely because it was filed more than fourteen days after the verdict and raises grounds other than newly discovered evidence. Fed. R. Crim. P. 33(b)(2). While Rule 33 is an inflexible claim processing rule, the government forfeits an objection based on timeliness when it is not raised in the Response. <u>Eberhart v. United States</u>, 546 U.S. 12 (2005). Therefore, the Court will address the merits of the motion.

Defendant argues that a new trial must be granted because the Court erroneously denied his Rule 29 motions since the evidence was legally and factually insufficient to establish the elements of the conspiracy charge beyond a reasonable doubt. The legal principles that apply in deciding a motion for a judgment of acquittal under Rule 29 are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant

> guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). Applying these principles to the evidence presented in this case, the Court continues to find that the government met its burden as to all of the elements of the conspiracy charge and that a reasonable jury could have found defendant guilty beyond a reasonable doubt. Therefore, this aspect of the motion will be denied.

The Court also denies the motion to the extent defendant maintains that a new trial should be granted in the interest of justice under Rule 33 because the verdict is contrary to the weight of the evidence. Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004). Applying this standard to the evidence presented at trial, it is the Court's view that the verdicts are not against the weight of the evidence. The

Court found the testimony of Jose Diaz to be credible. Therefore, this aspect of the motion will also be denied.

Defendant alleges that the proof established multiple conspiracies, and therefore established a material variance with the single conspiracy charged in the superceding indictment. The jury was given a multiple conspiracy instruction (Doc. #324, p. 13), and by their verdict (Doc. #326, p. 3) found defendant guilty of the single conspiracy charged in the superceding indictment. The Court finds that there is no material variance because sufficient evidence was presented by the government to support the jury's finding of a single conspiracy under the standards stated in United States v. Richardson, 532 F.3d 1279, 1284-86 (11th Cir. 2008); United States v. Huff, 609 F.3d 1240, 1243 (11th Cir. 2010), and no substantial prejudice exists in any event, Richardson, 532 F.3d at 1286-88.

The Court also finds that no error was committed in the introduction of the records from Florida Power and Light. The records were business records properly admitted pursuant to Rule 803(6), United States v. Sanchez, 586 F.3d 918, 927-29 (11th Cir. 2009), and being non-testimonial did not violate defendant's confrontation rights under Crawford v. Washington, 541 U.S. 36, 56 (2004)(observing generally that business records are "statements that by their nature were not testimonial."). United States v. Lezcano, 296 F.3d 800, 808 (11th Cir. 2008).

While defendant asserts there were other errors of law (Doc. #334, ¶ 12), he identifies no specific issue. Therefore, the motion is insufficient as to these matters.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for New Trial and Judgment Notwithstanding the Verdict, which incorporates a Motion for Judgment of Acquittal (Doc. #334) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of August, 2010.

_____
JOHN E. STEELE
United States District Judge